**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-485 (3) |
| | § | C.A. No. C-08-307 |
| RENE DE LA TORRE, | § | |
| | § | |
| Defendant/Movant. | § | |

**ORDER STAYING § 2255 PROCEEDINGS,
ORDER DENYING WITHOUT PREJUDICE
MOTION FOR TRANSCRIPTS AT GOVERNMENT EXPENSE,
AND ORDER DENYING *IN FORMA PAUPERIS* STATUS ON APPEAL**

**I.  BACKGROUND**

Defendant Rene De La Torre ("De La Torre") pleaded guilty to both counts of the rearraignment against him and was sentenced by this Court on December 20, 2007.  (D.E. 61.) Judgement was entered against him on December 21, 2007.  (D.E. 62.)  He did not timely appeal.

On June 27, 2008, the Clerk received from De La Torre a letter requesting information regarding the status of his appeal, and a copy of the docket sheet was sent to him at that time.  (D.E. 66.)  On September 9, 2008, the Clerk received from De La Torre a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, along with a supporting memorandum. (D.E. 67, 68.)  One of the claims in his motion is that his counsel failed to appeal, despite counsel's alleged post-sentencing assurances that he would file an appeal.  The Court ordered the government to respond to the § 2255 motion and the response is due November 21, 2008.  (D.E. 69.)

On October 20, 2008, the Clerk received three documents from De La Torre, all of which are pending before the Court.  One of De La Torre's motions seeks to withdraw his § 2255 motion. (D.E. 73.)  He explains that he filed the § 2255 motion in error and that he had intended to file a

direct appeal.  He explains that, "[b]y not filing the direct appeal, I would be missing out on an important step in my procedural rights as well as my Constitutional rights."  (D.E. 73 at 1.)  His other two motions are a motion for a copy of his sentencing transcript at government expense (D.E. 72) and a motion to proceed *in forma pauperis* (D.E. 74.)  All three of these motions are addressed herein.

## II.  DISCUSSION

The Court construes De La Torre's motion to withdraw as a Notice of Appeal, because it clearly evidences an intent to appeal.  The Court thus directs the Clerk to docket D.E. 73 also as a Notice of Appeal.  Nonetheless, it appears that any direct appeal by De La Torre in his criminal case is barred because it is nearly one year beyond the deadline for appealing.  The Fifth Circuit would not have jurisdiction over an untimely appeal and his appeal is likely to be dismissed.  Because of this, the Court is reluctant to allow the withdrawal of his § 2255 motion.  That is, if his appeal is dismissed and De La Torre subsequently attempts to re-file a § 2255 motion, it will likely be time-barred.

Accordingly, rather than allow the withdrawal of De La Torre's § 2255 motion, the Court hereby STAYS his § 2255 proceedings, pending the outcome of his appeal.  If his appeal is dismissed, the Court will then re-order the government to respond to the § 2255 motion.  If the Fifth Circuit issues a briefing schedule and determines that his appeal will be addressed on the merits, then the Court will dismiss his § 2255 motion without prejudice.  See Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988) ("A motion to vacate under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, in as much as the disposition of the appeal may render the motion

moot.").  This procedure will protect De La Torre's § 2255 rights while allowing him to attempt to pursue a direct appeal.

As for De La Torre's motion to proceed *in forma pauperis* on appeal, the motion is DENIED. As noted above, his appeal is being filed almost one year beyond the deadline for appealing and is not timely.  The Court therefore certifies, pursuant to Fed. R. App. P. 24(a)(3), that De La Torre's appeal is not taken in good faith.  Accordingly, De La Torre shall not be permitted to proceed on appeal *in forma pauperis*.  His motion (D.E. 74) is DENIED.

He is advised that he may nonetheless file a motion in the Court of Appeals to proceed on appeal *in forma pauperis* within 30 days after service of this Order.  See Fed. R. App. P. 24(a)(5).

Finally, De La Torre has filed a motion requesting  a copy of his sentencing transcript. Because De La Torre  alleges in his § 2255 motion that his counsel was constitutionally ineffective at sentencing, it is likely that the Court will need to refer to his sentencing transcript in ruling on his § 2255 motion.  However, those proceedings are being stayed and the Court has concluded that his late appeal is frivolous.  Thus, he has not shown an entitlement to free transcripts.  See 28 U.S.C. § 753(f) (in order to obtain a transcript at government expense, the defendant must establish that the transcript is needed to decide an issue in a pending suit and that the suit is not frivolous). Accordingly, his motion for transcript is DENIED WITHOUT PREJUDICE to his ability to seek the transcript again if and when the stay is lifted on his § 2255 proceedings.

### III.  CONCLUSION

For the foregoing reasons, the Clerk is directed to docket D.E. 73 also as a Notice of Appeal from  from  De La Torre's criminal judgment (D.E. 62).   The Court certifies that his appeal is not taken in good faith, pursuant to Fed. R. App. P. 24(a)(3).  De La Torre's motion to proceed *in forma*

*pauperis* is therefore DENIED.  Finally, his motion for a copy of his sentencing transcript at government expense is DENIED WITHOUT PREJUDICE.

ORDERED this 6th day of November, 2008.

Janis Graham Jack
United States District Judge