IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-485 (3) |
| | § | C.A. No. C-08-307 |
| RENE DE LA TORRE, | § | |
| | § | |
| Defendant/Movant. | § | |

**ORDER LIFTING STAY OF § 2255 PROCEEDINGS,
ORDER FOR GOVERNMENT TO RESPOND,
AND ORDER DIRECTING MOVANT TO PROVIDE
A COMPLETED *IN FORMA PAUPERIS* APPLICATION**

The Court had previously stayed the 28 U.S.C. § 2255 proceedings in this case while Defendant Rene De La Torre ("De La Torre") pursued a direct criminal appeal. (D.E. 75 (order staying proceedings).) That appeal has now been dismissed for want of prosecution. (See D.E. 85.) Additionally, on December 9, 2008, the Clerk received from De La Torre a supplement in support of his § 2255 motion. In that document, De La Torre requests that the Court lift the stay on his § 2255 proceedings. He also renews his request for a copy of the sentencing transcript at government expense, a request that the Court previously denied without prejudice.

Because the appeal has concluded and because De La Torre requests that the stay be lifted, the stay in these proceedings is hereby lifted. The government shall respond to De La Torre's § 2255 motion not later than 45 days after entry of this Order. It is further ORDERED that the United States provide, at the time of its answer, transcripts of all pertinent proceedings that are not already part of the record. Relevant affidavits, if any, are also to be filed with the answer.

Pursuant to Rule 5(d) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2008), De La Torre may file a reply not later than thirty days after service of the government's answer.

As to De La Torre's request for a copy of his sentencing transcript, the Court reiterates the statement in its prior order that the sentencing transcript will likely be needed in order to properly address the claims in De La Torre's § 2255 motion. (See D.E. 75 at 3.) That is, De La Torre alleges in his § 2255 motion that his counsel was constitutionally ineffective at sentencing and it is therefore likely that the Court will need to refer to his sentencing transcript in ruling on his § 2255 motion. See 28 U.S.C. § 753(f) (in order to obtain a transcript at government expense, the defendant must establish that the transcript is needed to decide an issue in a pending suit and that the suit is not frivolous).

The Court is unable to determine based on the current record, however, whether De La Torre is financially eligible for free transcripts. Although he previously submitted a document titled as an "application to proceed without prepayment of fees and affidavit" (see D.E. 74), that one-page document contained no information at all about his prison account. To remedy this deficiency, the Clerk is directed to mail to De La Torre an application to proceed *in forma pauperis*. De La Torre is ORDERED to submit a completed application to the Court, including obtaining a certification from a prison official showing his current account balance and preceding six months' deposits and withdrawals. He shall submit his application not later than 20 days after entry of this Order. Once it is received, the Court will rule on De La Torre's renewed request for a sentencing transcript at government expense.

**CONCLUSION**

For the foregoing reasons, the stay on the § 2255 proceedings in this case is hereby lifted, and the briefing schedule is set as outlined above. Additionally, the Clerk is directed to provide De La Torre with a blank *in forma pauperis* application. De La Torre is ordered to submit the completed application not later than 20 days after entry of this Order, so that the Court may consider his request for a sentencing transcript at government expense.

It is so ORDERED this 19th day of December, 2008.

_____
Janis Graham Jack
United States District Judge