IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-485 (3) |
| | § | C.A. No. C-08-307 |
| RENE DE LA TORRE, | § | |
| | § | |
| Defendant/Movant. | § | |

**ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE AND
<u>ORDER DENYING CERTIFICATE OF APPEALABILITY</u>**

Pending before the Court is Rene De La Torre's ("De La Torre") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, with supporting memorandum. (D.E. 67, 68.) He later filed a supplement. (D.E. 84.) The Court ordered the United States to respond (D.E. 86) and the United States filed a combined response and motion to dismiss, addressing both De La Torre's initial motion and his supplement. (D.E. 93, 94.) De La Torre timely filed a reply (D.E. 95), and an amended reply (D.E. 97), both of which the Court has also considered.

Pursuant to the Court's order, an evidentiary hearing was held in the case on July 15, 2009 to address De La Torre's claim that his underlying defense counsel, Jose E. Chapa, Jr., failed to appeal after being requested to do so. At the hearing, the Court heard testimony from both Chapa and from De La Torre himself.

De La Torre was represented at the hearing by appointed counsel Assistant Federal Public Defender Geraldo Flores. Mr. Flores informed the Court that De La Torre wanted to pursue only some of his six claims and to withdraw the remaining claims. Specifically, the only claims he

1

wanted to pursue were his claim that counsel failed to appeal after being requested to do so, and his claims related to the leadership enhancement, i.e., that his counsel was ineffective for failing to challenge the Court's application of a leadership role enhancement at sentencing and that the Court improperly applied that enhancement. His other claims are therefore considered withdrawn.

For the reasons set forth on the record at the conclusion of the hearing, and for the reasons set forth in more detail herein, the Court denies De La Torre's § 2255 motion. The Court also denies De La Torre a Certificate of Appealability ("COA").

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. BACKGROUND

**A.     Criminal Proceedings and § 2255 Allegations**

The factual and procedural background of the case are set forth in the Court's order setting the case for an evidentiary hearing, and familiarity with that Order is assumed. (See D.E. 98 at 2-5.) As noted, De La Torre withdrew some of his claims at the evidentiary hearing. His remaining claims are: (1) that his counsel was constitutionally ineffective for failing to appeal;(2) that his counsel was ineffective for failing to challenge the leadership enhancement; and (3) that the Court improperly applied that enhancement.

**B.     Evidentiary Hearing**

As the Court stated at the conclusion of the July 15, 2009 evidentiary hearing, it did not find the testimony of De La Torre to be at all credible. In particular, he testified that he had previously lied to the Court under oath and he repeatedly testified about facts at the hearing that were flatly contradicted by the rearraignment and sentencing transcripts in this case. Additionally, in an effort

2

to explain blatant inconsistencies between his § 2255 motion and his testimony at the hearing, De La Torre testified that another inmate helped him with his § 2255 motion and that, because he does not read English, he signed it without really understanding what it said.

As to De La Torre's allegations that he asked Chapa to appeal or that Chapa told him he would appeal, the Court specifically found that De La Torre never told Chapa to appeal. The Court further found credible Chapa's testimony that, had he been asked to appeal, he would have filed a notice of appeal.

### III. ANALYSIS

#### A. Counsel's Alleged Failure to Appeal

When evaluating an ineffective assistance claim based upon counsel's alleged failure to file an appeal, this Court is guided by Roe v. Flores-Ortega, 528 U.S. 470 (2000). That case explains that where a defendant asks that an appeal be filed, and the attorney does not file one, the attorney's conduct is deficient. Flores-Ortega, 528 U.S. at 478. As noted, the Court finds that De La Torre was not credible on this point, and specifically finds that De La Torre never asked Chapa to file an appeal on his behalf. Accordingly, the fact that Garza did not file an appeal was not *per se* deficient, because the Court finds that De La Torre never asked him to appeal at any point after sentencing. See id.

The Court turns next, then, to the issue of whether Garza *consulted* with De La Torre about his appellate rights. As explained by the Supreme Court in Flores-Ortega:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question of whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. . . . If counsel has consulted with the defendant, the

3

> question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.

528 U.S. at 478.

Chapa testified that he had a discussion immediately following the sentencing with De La Torre, during which he told De La Torre that Chapa thought he had "done okay" in receiving the sentence he did under the circumstances. Chapa candidly admitted that he did not remember whether or not he specifically consulted with De La Torre about his appellate rights at that time. Chapa correctly pointed out, however, that the Court had admonished De La Torre concerning his appeal rights at the conclusion of sentencing. (D.E. 78, Sentencing Transcript ("S. Tr.") at 17.).

Because his testimony at the hearing conflicts with his § 2255 motion, De La Torre's testimony does nothing to clear up whether or not Chapa consulted regarding his appellate rights. In his § 2255 motion, De La Torre claimed that Chapa discussed his appeal rights with him after sentencing and told him De La Torre he would appeal. At the evidentiary hearing, however, De La Torre contended that Chapa never came to see him after sentencing and that he never saw Chapa or heard from him again until the evidentiary hearing. Moreover, there was no testimony from De La Torre stating that he had made any effort to contact Chapa at any time to ask about an appeal, despite the Court's informing him of his appellate rights.

Even if Chapa had failed to consult, however, the Court does not find that his conduct was deficient in this case. In cases where counsel has not consulted with the defendant, counsel's performance is deficient only if he had a constitutionally imposed duty to consult with the defendant about an appeal. 528 U.S. at 478-79. That duty arises

> when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous

> grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. . . . Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

528 U.S. at 480 (internal citation omitted).

In the instant case, based on his counsel's request at sentencing, De La Torre received a sentence that was half of the advisory guideline range for the offense. That is, while the advisory guideline range for Count One was 360 months to life, the Court imposed a 180-month sentence. The Court also made a recommendation that De La Torre be housed in a medical facility, which his counsel said was important to De La Torre. Chapa also testified that he did not see any grounds for an appeal because he did not believe there were any errors at sentencing. Under these circumstances, there was no reason to believe that a rational defendant would have desired an appeal.

As to the second prong above, the Court credits Chapa's testimony that De La Torre never expressed an interest in appeal. Chapa testified repeatedly that, had De La Torre expressed an interest in appealing, he would have filed a notice of appeal.

Additionally, the Court expressly informed De La Torre of his appellate rights at the conclusion of sentencing. Thus, De La Torre knew that he had the right to appeal and that he must do so within ten days of judgment being entered. He knew of his rights and, had he wanted to appeal, could have requested an appeal. Under these circumstances, the Court finds that, even if counsel failed to consult about his appeallate rights, he was not deficient. The movant has the

burden of proof to show that his counsel was ineffective. See United States v. Chavez, 193 F.3d 375, 378 (5th Cir. 1999). De La Torre has failed to meet that burden.

**B.     Challenges to Leadership Enhancement**

**1.     Claim That Court Erred In Applying the Enhancement**

The Presentence Investigation Report assessed a four-level increase in De La Torre's offense level, finding that he was a manager or leader of a conspiracy. (PSR at ¶ 48.) To the extent De La Torre attempts to argue that the Court improperly assessed the leadership increase, his claim is not cognizable under § 2255. See United States v. Payne, 99 F.3d 1273, 1281-82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue") (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992); United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) (misapplication of the sentencing guidelines is not a cognizable claim in a § 2255 motion).

**2.     Claim That Counsel Was Ineffective For Failing To Challenge Enhancement**

To the extent he couches his claim as one that his counsel was ineffective for failing to challenge the enhancement, De La Torre's claim is similarly infirm. To prevail on his claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001) (citing Strickland v. Washington, 466 U.S. 668 (1984)). This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To establish prejudice as a result of alleged errors at sentencing, a § 2255 movant must show that there is a reasonable probability that,

but for counsel's alleged errors, the sentencing would have been different. See United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000). This requires him to show a reasonable probability that he would have received a lesser sentence. United States v. Grammas, 376 F.3d 433, 438-39 (5th Cir. 2004).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

In this case, De La Torre can establish neither deficiency or prejudice. Notably, the PSR contains ample facts and evidence supporting the leadership enhancement. (See generally PSR at ¶¶ 4-39.) Significantly, De La Torre told the Court there were no mistakes at all in the report at the time of sentencing. (See S. Tr. at 7.) Accordingly, even if counsel had objected to the enhancement, the leadership enhancement would have been applied and the result of the sentencing would not have been different. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). This ineffective assistance claim thus fails.

For the foregoing reasons, De La Torre's § 2255 motion is DENIED in its entirety.

**C.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C.

§ 2253(c)(1)(A). Although De La Torre has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").[1]

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim

---

[1] As of December 1, 2009, absent contrary Congressional action, amended Rule 11(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS will become effective. This rule will require a district court to issue or deny a COA at the time the court enters a final order adverse to the movant. Although amended Rule 11(a) is not yet effective, the practice it requires is a sound one that the Court employs now. Nothing in the current version of the § 2255 rules prohibits the Court from addressing a COA prior to a notice of appeal being filed.

of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that De La Torre is not entitled to a COA as to any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claim that counsel was directed to appeal and failed to do so, nor would they debate its resolution of his challenges to the leadership enhancement.

## IV.  CONCLUSION

For the foregoing reasons, De La Torre's motion pursuant to 28 U.S.C. § 2255 (D.E. 67) is DENIED. De La Torre is also denied a Certificate of Appealability.

It is so ORDERED this 17th day of July, 2009.

_____
Janis Graham Jack
United States District Judge